UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DAVID P. GIBBS,

    Plaintiff,

v.

UNION PACIFIC RAILROAD COMPANY,

    Defendant.

Case No. 08-cv-355-JPG

## MEMORANDUM AND ORDER

This matter comes before the Court on Plaintiff David P. Gibbs's Motion for Reconsideration (Doc. 37) of the Court's Order of July 15, 2009 imposing discovery sanctions on Gibbs. Gibbs contends the Court should not have made the factual determination that he had engaged in evasive or deceitful behavior during discovery. Gibbs also argues that the sanctions imposed by the Court are inappropriate.

Gibbs does not state the rule under which he seeks relief, and the Court cannot identify one. Both Rules 59(e) and 60(b), by their very terms, apply only to final orders, proceedings, or judgments. Fed. R. Civ. P. 59(e); Fed. R. Civ. P. 60(b); *see also, Aurora Bancshares Corp. v. Weston*, 777 F.2d 385, 386 (7th Cir. 1985) (*per curium*). Moreover, even if there were a rule under which the Court could reconsider its order imposing sanctions, Gibbs has not given the Court a reason to do so. Gibbs merely reasserts his position that his answers to Defendant's initial interrogatories were not false or misleading, and that, even if they were, Defendant suffered no prejudice as a result. The Court already considered and rejected these arguments. Court orders are not "mere first drafts, subject to revision and reconsideration at a litigant's pleasure." *Quaker Alloy Casting Co. v. Gulfco Indus., Inc.*, 123 F.R.D. 282, 288 (N.D.Ill.1988). In short, Gibbs has not shown that the Court has either the authority to, nor a reason to, grant his

Motion for Reconsideration.  Accordingly, the Motion (Doc. 37) is **DENIED**.

**IT IS SO ORDERED.**
**DATED: August 10, 2009**

<u>s/ J. Phil Gilbert</u>
**J. PHIL GILBERT**
**DISTRICT JUDGE**
